■ JAMES SKIPPER, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), entered July 12, 1991, setting aside a jury verdict in favor of plaintiff in the amount of $2.375 million and dismissing the complaint, unanimously affirmed, without costs. The appeal taken from the post-trial order of the same court, entered March 19, 1991, is deemed to be taken from the judgment.

Plaintiff, a high school student, was injured when a fellow student struck a glass panel in an auditorium door with his fist, causing glass shards to hit plaintiff's eye. The only evidence of any defect in the glass panel or the door was plaintiff's testimony that approximately a year before the incident, he had noticed that the wooden molding holding the glass panel in place was rotted. Plaintiff, however, never observed exposed nails or that the glass pane was loose. Plaintiff's expert witness, a chemical engineer, admittedly did not examine either the door or the remnants of the broken glass, but, testifying solely on the basis of his general knowledge of quarter-inch plate glass without reference to any scientific study or criteria, opined that the glass was defective, since it should not have been broken "by the mere punch of the hand". The expert surmised that if, as plaintiff testified, the wooden frame around the glass was rotted, this would cause the nails that hold the wooden frame in place to become exposed, and, as the door was swung back and forth, the nails could come in contact with the glass, causing "incipient" cracks.

The expert's opinion was too speculative to support the verdict, and the complaint was properly dismissed for failure to establish a prima facie case. As the Trial Judge observed, the initial premise employed by the expert, i.e., that the glass was defective because broken by the blow of a fist, was unsupported by any empirical data. Indeed, the expert admitted that a person wearing a ring could have shattered the glass. The expert's theory that the wooden frame rotted, that nails were then exposed, that the glass became loose, that the loosened glass hit against the nails, and that microscopic cracks were thereby formed, is either unsupported by or

contrary to the evidence. Although plaintiff testified that the wooden frame was rotted, there was no indication that nails were exposed, or that the glass was in contact with them. No witness observed exposed nails, and the photographs do not show any. Plaintiff himself, quite contrary to the expert's surmise, testified squarely that he did not observe that the glass was loose within the frame. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.